EDWIN CLARK AND DAVID B. O. FORD, ADMINISTRATORS WITH THE WILL ANNEXED OF THE ESTATE OF NATHAN FORD, DECEASED, AND AS OWNERS OF CERTAIN PORTIONS OF THE ESTATE OF SAID DECEASED, APPELLANTS, *v.* CHILION FORD, LATE ADMINISTRATOR OF SAID ESTATE, RESPONDENT.

*Equity—Statute of Limitations—2 R. S. 114, § 9.*

A Court of Equity will not allow proceedings for distribution of an estate by persons having a demand thereon, to be instituted after the expiration of the time allowed by law.

APPEALED from the judgment of the General Term, 4th District, reversing an order of the Surrogate of St. Lawrence County.

Nathan Ford died in 1829, leaving a will of real and personal estate, which was duly proved before the Surrogate of St. Lawrence County, and letters testamentary were granted to the executors therein named, all of whom died on or before April 2d, 1842, and letters of administration with the will annexed, were issued to Chilion Ford, the Respondent. He was superseded as such administrator on 13th July, 1850, and Edwin Clark and David B. O. Ford, the Appellants, were appointed in his place.

On the 16th June, 1860, the Appellants presented their petition to the Surrogate of St. Lawrence County, setting forth the above facts, and also stating that there had never been a general accounting by Chilion Ford as such administrator; that large sums of money came into his hands which belong to the residuary legatees of said Nathan Ford, or their assignees or representatives; and that the Appellant, Edwin Clark, is the owner, by assignment, of five-twentieths of the estate, and that the Appellant, David B. O. Ford, is the owner, as one of the residuary legatees, of one-tenth of the estate, and as assignee, of one-twentieth.

The petition is made by the Appellants as such administrators, and in their own right as such assignees and residuary legatees, and prays, "that said Chilion Ford may account for all of the property and effects of said estate that came to his possession, and may pay over the same."

Chilion Ford answered, " that he ought not to be required to account, because the time limited by law within which he might have been required to account as such administrator had elapsed long before the commencement of these proceedings, and that none of the claims of the petitioners against him as such administrator had accrued within the time limited by law for the commencement of proceedings to enforce the same, but were barred by the statute of limitations."

The Surrogate overruled this answer, and ordered him to render a final account. The Supreme Court on appeal reversed this order.

SCRUGHAM, J. :

In proceedings instituted by successor of an administrator, to compel an accounting by his predecessor, the Surrogate cannot make any decree for the payment or distribution of such part of the estate as may remain to be paid or distributed, but he may do so when the proceedings are taken upon the application of a person having a demand against the estate either as creditor, legatee, or next of kin. (2 R. S. 95, § 71.)

The prayer of the petition to the Surrogate was not merely for an accounting, but also that the Respondent should be required to pay over to the petitioners the property and effects of the estate.

The petitioners applied in two characters: as successors of the administrators, and as persons having demands against the estate as legatees. There is no provision in the statute for such joint application, and the character of the proceeding instituted by the petition must be determined by the nature of the relief sought by it. If it had been merely for an accounting, it could be properly regarded as a proceeding by the successors of an administrator to compel their predecessor to account ; but as it sought besides a decree of the Surrogate which could not be made upon such proceeding, but which might be proper upon an accounting, compelled by persons having a demand against the estate as legatees, it should be treated only as a proceeding instituted by the Appellants in that character.

The Respondent was appointed administrator with the will annexed on the death of the last executor in 1842, was superseded on the 13th July, 1850, and the Appellants did not present their petition until the 16th June, 1860.

An action at law is given by statute to legatees entitled to share in the distribution of an estate (2 R. S. 114, § 9), and it may be commenced at the expiration of one year from the granting of letters testamentary, or of administration.

This remedy was barred by the statute of limitations, long before these proceedings before the Surrogate were commenced.

Before the Revised Statutes, there was no statutory limitation of the time within which suits might be commenced in the Court of Chancery, and yet it was uniformly held, that when the claim was one which could have been enforced by an action at law, the statute of limitation which barred the remedy at law, would be applied to the suit in Chancery; that the equitable remedy, in a case of concurrent jurisdiction, is subject to the same limitation as the legal. John B. Murray, &c., v. John G. Costar, &c., 20 Johns. 576–610; Kane v. Bloodgood, 7 Johns. Ch. 91.

The principles upon which this doctrine was established in Courts of Equity, are equally applicable to proceedings in Surrogates' Courts, and it was accordingly held by the late Chancellor in McCarter v. Camel, 1 Barbour's Chancery Reports, 465, that the Surrogate could not entertain proceedings to enforce the payment of a distributive share of an estate, which were not instituted before the expiration of the time within which the distributee might have brought an action under the 9th section of the statute, to which reference has been made.

The judgment should be affirmed with costs.

All concur. Affirmed.